21-3152
Valdes-Ocasio v. Kijakazi

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand twenty-three.**

**PRESENT:**

> **GUIDO CALABRESI,**
> **MICHAEL H. PARK,**
> **STEVEN J. MENASHI,**
> *Circuit Judges.*

---

**Maite Valdes-Ocasio,**

> *Plaintiff-Appellant,*

> **v.**

**Kilolo Kijakazi, Acting Commissioner of Social Security,**

> *Defendant-Appellee.*

21-3152

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | PETER A. GORTON, Lachman & Gorton, Endicott, NY. |
| **FOR DEFENDANT-APPELLEE:** | MOLLY E. CARTER, Special Assistant United States Attorney (Michael J. Pelgro, Regional Chief Counsel, Social Security Administration, *on the brief*), Boston, MA, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Stewart, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Maite Valdes-Ocasio appeals the denial by an administrative law judge ("ALJ") of her claim for Disability Insurance under Title II and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-434. Valdes-Ocasio applied for benefits based on her depression, panic attacks, and anxiety. The ALJ determined that Valdes-Ocasio had "the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to understanding, remembering, and carrying out simple instructions, involving routine and repetitive tasks; with no high production demands; and no more than occasional contact with the public." Certified Admin. R. ("CAR") at 20. Valdes-Ocasio primarily argues on appeal that the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence. She also argues that the ALJ erred by giving substantial weight to Dr. Harding's expert opinion and only moderate weight to Dr. Slowik's opinion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022) (cleaned up); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social

Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rucker v. Kijakazi*, 48 F.4th 86, 91 (2d Cir. 2022) (quoting *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008)). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *Schillo*, 31 F.4th at 74 (cleaned up).

**I.     The Residual Functional Capacity Assessment**

Valdes-Ocasio argues that the ALJ's RFC assessment "fail[ed] to include any limitations to staying on task and/or attendance despite undisputed medical opinions assessing such limitations." Appellant's Br. at 14 (typeface altered). But the medical record supports the ALJ's findings. Dr. Harding, the state-agency consultative examiner, concluded that Valdes-Ocasio was "capable of performing unskilled work in a low contact setting due to reported difficulties interacting with others." CAR at 69. The ALJ concluded that due "to moderate limitations in concentrating, persisting, or maintaining pace, [Valdes-Ocasio] can have no high production demands." *Id.* at 22. The ALJ found, however, that "greater restrictions are not supported by the evidence of record." *Id.*

Dr. Harding indicated that Valdes-Ocasio was "moderately limited" in her ability to "carry out detailed instructions," "maintain attention and concentration for extended periods," and "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances." *See id.* at 68. Nothing from Dr. Harding's report required the ALJ to include more detailed limitations in the RFC assessment. *See Schillo*, 31 F.4th at 78 ("[An] ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence."). The same goes for Dr. Slowik's opinion. Dr. Slowik

found Valdes-Ocasio's "ability to understand, remember or apply complex directions and instructions, sustain concentration, sustain an ordinary routine, and regulate emotions" to be "moderate to markedly limited." CAR at 428. "An ALJ does not have to state on the record every reason justifying a decision" and a "failure to cite specific evidence does not indicate that such evidence was not considered." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (cleaned up).

**II.     Weighing of Expert Opinions**

Valdes-Ocasio argues that the ALJ erred by "rely[ing] on the opinion of the non-examining state agency psychologist [Dr. Harding] over the opinion of Dr. Slowik who actually examined [her]." Appellant's Br. at 13. Valdes-Ocasio asks this Court to reweigh the medical opinions under the 20 C.F.R. § 404.1527(c) factors, but the ALJ was entitled to "weigh the conflicting evidence in the record," including resolving any inconsistencies between Dr. Harding's and Dr. Slowik's assessments. *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998); *see Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

In any case, substantial evidence supports the ALJ's decision to give "substantial weight" to Dr. Harding's opinion and "moderate weight" to Dr. Slowik's opinion. *See* CAR at 23. The ALJ concluded that Dr. Harding "has program knowledge and provided a detailed supporting rationale for his conclusions." *Id.* The ALJ noted that Dr. Harding's "opinion is also generally consistent with contemporaneous treatment notes that showed the claimant's symptoms were stable on medications." *Id.*

The ALJ properly gave weight to Dr. Harding's opinion as the state-agency consultative examiner. *See* 20 C.F.R. § 404.1527(c)(6) ("[T]he amount of understanding of our disability programs and their evidentiary requirements that a medical source has . . . and the extent to which a medical source is familiar with the other information in your case record are relevant factors that we will consider in deciding the weight to give to a medical opinion."); *id.* § 404.1513a(b)(1) ("State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation."). Dr. Harding's findings are generally consistent with the longitudinal evidence that Valdes-Ocasio's symptoms were stable on medication.

The ALJ's decision to give only moderate weight to Dr. Slowik's opinion was also proper. The ALJ found it was "generally consistent with the contemporaneous treatment notes" and credited the "in-person evaluation." CAR at 23. But the ALJ found Dr. Slowik's opinion "vague as to [Valdes-Ocasio's] specific limitations." *Id.* "The ALJ was entitled to conclude that [the doctor's] statements were too vague . . . and that [the doctor's] opinion was therefore entitled to only limited weight." *Schillo*, 31 F.4th at 76. In sum, the ALJ's RFC finding and its weighing of expert opinions are supported by substantial evidence.

We have considered all of Valdes-Ocasio's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5